IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| N.A.S, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:20-cv-24676 |
| | § | |
| MORADA-HAUTE FURNITURE BOUTIQUE, LLC, | § § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff N.A.S. files this Original Complaint complaining of MORADA-Haute Furniture Boutique, LLC ("MORADA") and for causes of action shows as follows:

## PARTIES

1. Plaintiff N.A.S. is a citizen of the United States and is currently domiciled in and is a citizen of the State of Texas. N.A.S is a direct beneficiary of the trust that owns the residence discussed herein and/or is otherwise the real party in interest.

2. Defendant MORADA-Haute Furniture Boutique, LLC is a limited liability company organized under the laws of the State of Florida. Service of process can be accomplished by serving the Summons and Complaint upon Defendant's registered agent for service: Fernan Hernandez, 2840 Flamingo Dr., Miami Beach, Florida 33140.

## JURISDICTION AND VENUE

3. Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.

4. Venue is proper in this district as all or a substantial portion of the events giving rise to the claims asserted herein occurred in this district.

## FACTS

5. Plaintiff and related parties hired MORADA to provide interior design services and to manufacture certain rugs and furnishings for a residence in Miami (the "Miami residence").

6. MORADA represented to Plaintiff that MORADA was a manufacturer and owner of six (6) factories in Italy and all goods (including furniture and rugs) would be manufactured by MORADA new solely in Italy.

7. MORADA invoiced Plaintiff for the work performed and material/furnishings provided. MORADA was paid in full for every invoice presented.

8. Upon installation of furniture, rugs, electronics, cabinetry and blinds, various material issues arose.

9. Specifically, these issues included:

- Certain goods were late or remain missing;
- Dimensions of furniture were off;
- Certain fabrics did not hold up even with no use;
- Delays occurred with the delivery of items;
- Cabinet doors were delayed and many remain missing;
- Rugs fell apart and were permanently damaged with no use or traffic;
- The quality of certain of the items delivered was poor;
- Paint and cabinets were damaged by MORADA after the occupants of the Miami residence moved in;

- MORADA was not the manufacturer of goods as was represented to Plaintiff; and,

- There are no country of origin reports or list of materials and required flame retardance as required of certain imported goods and as required by U.S. law.

10. As these issues arose and MORADA asked for a key to the Miami residence to complete various repairs and deliver late or missing goods and/or to replace unsatisfactory goods.

11. MORADA represented to Plaintiff, who was located in Texas, that access to the Miami residence was only to complete and correct these problems with the original installation, and for no other purpose. MORADA represented to Plaintiff that a senior employee on staff would be present to unlock the door, supervise "punch" work and lock the Miami residence immediately upon the work being completed. Based on these representations, Plaintiff provided Defendant with a key to the Miami residence.

12. In addition, MORADA agreed that there were to be no videos or pictures of the Miami residence as of the date of move in; and that any prior videos or pictures taken during construction would not be kept or used by Defendant.

13. As time went on and the Miami residence was fully occupied by Plaintiff, Plaintiff noticed on multiple occasions that all exterior doors were being forced open, locks were disabled because the keys and latches had tape over them so the locking system could not function. Further, strangers were present including maid services not hired by Plaintiff. Plaintiff's personal items, such as underwear, were moved, closets in the principal bedroom were rifled through, personal effects, toiletries and medications were moved or hidden, the kitchen was rearranged, bed pillows were hidden and moved, the refrigerator was reorganized and non-occupant food items and drinks were placed therein, and bed sheets were redone and altered.

14. After several occurrences over weeks and months, and repetitive denials by MORADA senior project managers that they had any knowledge or involvement with these issues, Plaintiff came home early one day and found a five (5) person non-MORADA employee photography crew in the Miami residence, yet principals of MORADA admit that MORADA hired and paid the photography and staging crew. When Plaintiff investigated further, she found all exterior doors were jammed open and not closable, no MORADA representative was on-site, and there was professional staging of $60,000.00 of items not owned by Plaintiff in the Miami residence. The Miami residence had been forcibly entered without Plaintiff's authorization and a full Hollywood style photoshoot, professionally staged, was ongoing, despite MORADA's prior specific assurances from MORADA's Managing Director and Principal Shareholder that no such event would occur.

15. Further, the presence of an unauthorized multi-party photography crew in the Miami residence during the age of COVID-19 is unacceptable and unreasonable, especially considering the fact that these unauthorized occupants were touching Plaintiff's personal items, bedding, towels, toiletries, medicines, underwear, pillows and had even rearranged the refrigerator.

16. Upon information and belief, this was not the first time a photoshoot crew was present at the Miami residence without authorization from or knowledge of the homeowner as admitted to by the photography crew. Indeed, MORADA and its employees repeatedly misrepresented the identity of visitors to the Miami residence to the Homeowner's Association security, and falsely represented that only persons performing repairs were present. The photoshoot crews were hidden from security on multiple occasions.

17. Given, the misrepresentations of MORADA above, and the poor-quality items that were delivered, Plaintiff seeks to return all furniture and rugs to MORADA for full amounts paid, inclusive of sales tax, as further discussed below.

## CAUSES OF ACTION

**A.  Rescission.**

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 herein.

19. Plaintiff contends that the agreement between her and MORADA is unenforceable as to the furniture and rugs delivered to Plaintiff as the representation about those items were fraudulent as mentioned above.

20. Plaintiff is not in breach of any agreement with MORADA.

21. The agreement with MORADA is marred by fraud and the Court should set aside the contract to avoid unjust enrichment. Plaintiff wishes to return all new and used furniture and rugs tainted by the photography and staging crew to MORADA and be refunded all monies paid, inclusive of sales tax.

22. Plaintiff asserts this claim for rescission to the extent there is otherwise no adequate remedy at law to compensate her for Defendant's breach of contract, particularly because here, after delivery and without use of these items they were ruined and/or damaged and the items have little to no resale value. Thus, Plaintiff refuses the benefits of the furniture and rugs and asks the Court to set aside the agreement regarding furniture and rugs.

**B.  Breach of Contract.**

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 herein.

24. Pleading further, and in the alternative to the rescission claim asserted above, as Plaintiff entered into an agreement with MORADA whereby MORADA was to provide interior

design services and manufacture certain rugs and furnishings and provide those to Plaintiff.

25. Although Plaintiff fully performed under the agreement and paid all invoices, Defendant materially breached the agreement by providing defective and poor quality items to Plaintiff.

26. The aforementioned breaches by Defendant caused Plaintiff actual and consequential damages with Plaintiff seeks to recover herein.

27. Further, Plaintiff seeks to recover its attorneys' fees as applicable pursuant to the parties relationship or by law.

**C.    Fraud in the Inducement.**

28. Plaintiff reincorporates and realleges paragraphs 1 to 27 herein.

29. Plaintiff seeks recovery because Defendant fraudulently induced them to enter into an agreement whereby Plaintiff paid Defendant for furniture and rugs.

30. Defendant made material representations regarding the quality, character and origin of the furniture and rugs. Because of these knowing, material misrepresentations, Plaintiff agreed to purchase such furniture and rugs.

31. Consequently, Plaintiff suffered injury when such furniture and rugs were delivered, and were not of the quality that was represented but instead were of poor and shoddy quality and were not manufactured by the Defendant as represented.

32. Plaintiff further seeks exemplary damages on account of Defendant's fraud.

**D.    Fraud.**

33. Plaintiff reincorporates and realleges paragraphs 1 to 32 herein.

34. MORADA an made material representations to Plaintiff regarding the reasons for providing MORADA a key to the Miami residence and entry in the Miami residence. MORADA

a further made material representations to Plaintiff regarding the quality and type of the rugs and furniture to be manufactured and delivered by MORADA. MORADA further made misrepresentations to Plaintiff regarding the fact that no photographs or videos would be taken and/or used by MORADA after Plaintiff moved into and fully occupied the Miami residence.

35. Such material representations were false and when Defendant made the representations they knew such representations were false or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

36. Defendant made the representations with the intent that Plaintiff act upon them.

37. Plaintiff relied on the representations.

38. The representations caused Plaintiff injury, as specifically described herein. Plaintiff delivered the key to MORADA which they used for other purposes than those represented, and purposes that were nefarious and invaded Plaintiff's privacy and invaded Plaintiff's home. Further, the furniture and rugs delivered by Defendant were not of the quality described and were not manufactured by Defendant MORADA as described. Defendant caused a photography crew, on at least one occasion, and upon information and belief, on more than one occasion to enter the Miami residence unauthorized.

39. Plaintiff further seeks exemplary damages for Defendant's fraud.

E. **Invasion of Privacy (Intrusion on Seclusion)**

40. Plaintiff reincorporates and realleges paragraphs 1 to 39 herein.

41. The Defendant intentionally intruded on the Plaintiff's solitude, seclusion or private affairs on multiple occasions. These actions include the physical invasion of the Miami residence via the presence of a multiparty camera crew and staging crew conducting a photoshoot without authorization, as well as the intrusion into Plaintiff's personal affairs,

including moving and rifling through Plaintiff's toiletries, underwear, pillows, beds, prescription drugs and personal items. Further, Defendant moved and hid bed pillows, towels, prescription drugs, food and clothing, rearranged Plaintiff's refrigerator and changed Plaintiff's bedsheets.

42. These intrusions would be highly offensive to a reasonable person. These intrusions are all the more offensive in the age of COVID-19, when having unauthorized strangers in a person's home brings a serious risk of illness.

43. Plaintiff suffered an injury as a result of the Defendant's intrusion, and seek to recover actual damage, including Plaintiff's mental anguish.

44. Plaintiff seeks to recover exemplary damages because Defendant acted with malice in intruding on Plaintiff's seclusion in her own home.

## PRE-JUDGMENT INTEREST

45. Plaintiff seeks to recover pre-judgment interest as provided by law.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial, Plaintiff have and recover of and from Defendant, judgment for actual damages as alleged, with pre-judgment and post-judgment interest, and for costs of suit and such other and further relief to which Plaintiff is justly entitled to receive.

Respectfully submitted,

*/s/ David S. Farber*
David S. Farber
FBN: 0370230
dfarber@dfarberlaw.com

**THE FARBER LAW FIRM**
2199 Ponce De Leon Blvd., Suite 301
Coral Gables, Florida 33134
(305) 774-0134
(305) 774-0135 fax


Robert L. Chaiken   ***Pro Hac Vice Pending***
Texas State Bar No. 04057830
rchaiken@chaikenlaw.com
Carrie P. Kitner
State Bar No. 24074921
ckitner@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
5717 Legacy Dr., Suite 250
Plano, Texas 75024
(214) 265-0250
(214) 265-1537 fax

**ATTORNEYS FOR PLAINTIFF**