## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24676-Civ-GAYLES/TORRES

N.A.S.,

    Plaintiff,

v.

MORADA-HAUTE FURNITURE
BOUTIQUE LLC, FERNAN HERNANDEZ,
and HOLGER ODENSTEIN,

    Defendants.

_____/

## REPORT & RECOMMENDATION ON DEFENDANTS' AMENDED MOTION TO DISMISS

This matter is before the Court on Morada-Haute Furniture Boutique LLC's ("Morada"), Fernan Hernandez's ("Hernandez"), and Holger Odenstein's ("Odenstein") (collectively, "Defendants") amended motion to dismiss the amended complaint [D.E. 28] filed by N.A.S. ("Plaintiff"). [D.E. 56]. Plaintiff responded to Defendants' amended motion on July 1, 2021 [D.E. 68] to which Defendants replied on July 8, 2021. [D.E. 73].[1] Therefore, Defendants' amended motion is now ripe for disposition. After careful consideration of the amended motion, response, reply, and relevant authority, and for the reasons discussed below, Defendants' amended motion should be **GRANTED in part** and **DENIED in part**.

---

[1]    On July 26, 2021, the Honorable Darrin P. Gayles referred to the Undersigned a Report and Recommendation on all dispositive matters. [D.E. 85].

1

## I.  BACKGROUND

Plaintiff, a citizen of Texas, hired Defendants, Morada and its co-founders Odenstein and Hernandez, to provide interior design services and to manufacture rugs and furnishings for a residence in Miami. Morada represented to Plaintiff that it is the owner of six factories in Italy and manufactures its goods there, including high-end furniture and rugs. [D.E. 28]. Plaintiff filed this lawsuit claiming that things did not go well after that. Though Morada purported to perform under the agreement, certain items were late or missing; furniture dimensions were wrong; carpets and fabrics were stained; rugs fell apart inexplicitly; paint and cabinets were different than represented; Morada did not manufacture the goods itself as represented; and certain imported goods were noncompliant with U.S. law.

After Defendants were notified of these issues, they asked for a key to the Miami residence to fix what they could. Based on certain representations, including agreeing not to take videos or photos of the residence, Plaintiff provided one of the Defendants the key. Plaintiff later noticed that "on multiple occasions that all exterior doors were being forced open [and] locks were disabled because the keys and latches had tape over them so the locking system could not function." *Id.* at ¶ 17. She also noticed that a maid service was present, that her personal items were moved, closets were rifled through, the kitchen was rearranged, and the refrigerator contained non-occupant items. After Morada denied any knowledge of these issues, it hired a five-person photography crew and sent them to the Miami residence without Plaintiff's knowledge or approval. Plaintiff discovered the crew in the residence, and "she found all exterior doors were jammed open and not closable, no Morada

2

representative was on-site, and there was professional staging of $60,000.00 of items not owned by Plaintiff in the Miami residence." *Id.* at ¶ 18.   Plaintiff later found out that Defendants secretly conducted other photoshoots of the Miami residence without her approval.

On March 2, 2021, Plaintiff filed a six-count amended complaint:   Rescission against Morada (Count I), Breach of Contract against Morada (Count II), Fraud in the Inducement against Defendants (Count III), Fraud against Defendants (Count IV), Ultra Vires Fraud/Fraud in the Inducement against Odenstein and Hernandez (Count V), and Invasion of Privacy against Defendants (Count VI).   Through this motion Defendants seek to dismiss these claims.

## II.   APPLICABLE PRINCIPLES AND LAW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.   *Id*.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*; *see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).   "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citation omitted).   Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2, (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

### III.   ANALYSIS

Defendants attack the amended complaint several ways. First, they assert the amended complaint lacks facts that Odenstein and Hernandez pierced the corporate veil of Morada, so all individual claims against them must be dismissed. [D.E. 56]. Second, Defendants argue that the amended complaint lumps facts together in violation of the particularity requirements of Federal Rule of Civil Procedure 9(b). Third, they contend that the entire action should be dismissed because Plaintiff lacks standing. The remaining arguments respectively try to show that Plaintiff has failed to state a claim for Counts I, III, IV, V, or VI.

### A. *Individual Defendants' Liability and The Corporate Veil*

Defendants first argue that Plaintiff has not pled a single fact that demonstrates Morada was the alter ego of Odenstein and Hernandez. In fact, Plaintiff completely agrees with Defendants. But Plaintiff's claims against Odenstein and Hernandez are not based on piercing the corporate veil and imposing personal liability on them due to the acts of Morada. *See Belleview Biltmore Partners, LLC v. Noah & Assocs.*, 2018 WL 1795480, at *3-4 (S.D. Fla. Mar. 13, 2018), *report and recommendation adopted sub nom. Belleview [Biltmore] Partners, LLC v. Casiano*, 2018 WL 1795438 (S.D. Fla. Apr. 3, 2018) ("Piercing the corporate veil is a theory to impose liability on an individual for the debts or acts of the corporation.") (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla. 1984)). The claims are instead based on the alternative theory that their individual acts were *ultra vires* acts, and as such sufficient to hold Odenstein and Hernandez individually liable. *Cf. Share v. Broken Sound Club, Inc.*, 312 So. 3d 962, 971-73 (Fla. Dist. Ct. App. 2021) (finding that board members of a corporation were not liable as their actions were not beyond the scope of power granted by the corporation's charter or bylaws).

Our review of the complaint in fact shows that this *ultra vires* theory for individual liability is pleaded alongside claims against the corporation itself for Odenstein and Hernandez's alleged malfeasance that depend on corporate approval of their conduct. [D.E. 28, ¶ 46]. It is clear that the individual claims here amount to pleading of claims in the alternative, which is perfectly permissible under Federal Rule of Civil Procedure 8(d)(3). *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *Allstate Ins.*

5

*Co. v. James*, 779 F.2d 1536, 1540 (11th Cir. 1986) ("Litigants in federal court may pursue alternative theories of recovery, regardless of their consistency."). Defendants make no attempt to refute this position by Plaintiff in their reply.  So we agree that the claims against the individual defendants that depend on this alternative theory survive Rule 12(b)(6) review at this stage. The motion should thus be **DENIED** in this respect.  But because the individual claims are dependent on an ultra vires theory, Plaintiff's will likely have to elect which remedy and cause of action it will pursue on the tort claims because the corporate and individual claims in this context are mutually exclusive.

### B. *Particularity Requirement for Fraud Counts*

Defendants next argue that Plaintiff has "indiscriminately lumped together the actions of Morada, Odenstein and Hernandez, thereby creating confusion and making the analysis of the Complaint unnecessarily burdensome."  [D.E. 68].  And Defendants contend that this lumping is especially problematic because Rule 9(b) requires facts supporting claims for fraud to be plead with particularity.  For example, the amended complaint states that "MORADA, Odenstein, Hernandez and its employees repeatedly misrepresented the identity of visitors to the Miami residence to the Homeowner's Association security" and "falsely represented that only persons performing repairs were present."  [D.E. 28].  Plaintiff counters that this pleading adequately differentiates who made the false statements and describes them enough to allow Defendants to defend the lawsuit.

Where a cause of action sounds in fraud, Rule 9(b) must be satisfied rather than the more relaxed standard of Rule 8.  *See U.S. ex. rel. Clausen v. Lab. Corp. of*

*Am., Inc.*, 290 F.3d 1301, 1309-10 (11th Cir. 2002). Rule 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake" but that "[m]alice, intent, knowledge, and other conditions of a person's mind shall be averred generally." Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied if a plaintiff pleads:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In other words, this requires a plaintiff to establish the 'who, what, when, where, and how' of the fraud." *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (citing *Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1262 (11th Cir. 2006)). The pleading may use, in the alternative, means reasonably calculated to notify a defendant with particularity of his alleged role in the fraud. *See Brooks*, 116 F.3d at 1381.

Because Counts III, IV, and V are grounded in fraud, they are subject to the heightened pleading standard of Rule 9(b). Clearly, Plaintiff did not identify who specifically made the different representations and lumped all of them together against each Defendant in every allegation based in fraud. If we do not know if Morada, Hernandez, or Odenstein made a specific representation, how can they know and defend themselves appropriately? Plaintiff also did not adequately describe the time, place, and manner in which these statements were made, contrary to Rule 9(b).

7

*See Joseph v. Bernstein*, 2014 WL 4101392, at *6 (S.D. Fla. Aug. 19, 2014), *aff'd*, 612 F. App'x 551 (11th Cir. 2015).

Moreover, these Counts read like common law negligence or breach of contract counts against multiple defendants. If that were the case, perhaps they would not be ripe for dismissal. But when one pleads fraud, the law requires a clear and definite roadmap in the pleading as to who said what, when it was said, how it was said, how it was relied upon, and how it injured the plaintiff to the extent that a fraud claim arises. Because Plaintiff has chosen to include three fraud claims in what could have simply been a breach of contract claim, Plaintiff has a heightened pleading obligation that it has not met.[2]

Defendants' motion to dismiss the amended complaint regarding Counts III, IV, and V should therefore be **GRANTED**, and the fraud claims dismissed with prejudice.[3]

---

[2] In addition, Plaintiff's claims sound more like fraud in the performance claims, which are not viable in any event when pled alongside a breach of contract claim like here. *See Cutler v. Voya Fin., Inc.*, 2018 WL 4410202, at *8 (S.D. Fla. Aug. 23, 2018), *report and recommendation adopted*, 2018 WL 7627867 (S.D. Fla. Oct. 26, 2018) ("[A] 'fraud in the performance' claim is not actionable alongside a breach of contract claim because the 'misrepresentations are interwoven and indistinct from the heart of the contractual agreement.'") (quoting *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So. 2d 74, 78 (Fla. 3d DCA 1997)).

[3] Plaintiff seeks leave to amend her complaint and argues that such leave should be freely given. However, the deadline to amend the complaint passed over five months ago and the deadline for all pretrial motions is only two months away. To accommodate this request, the Court would thus need to amend the pretrial scheduling order and push back the trial scheduled for January 3, 2022. Plaintiff's purported standard for leave to amend under Rule 15 is therefore misplaced. She must instead, as per Rule 16, show good cause and that there would be no undue prejudice to Defendants in order for us to grant the leave to amend. *See e.g., Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819 (11th Cir. 2009). Because Plaintiff has

8

### C. *Standing*

Defendants also move to dismiss the entire amended complaint because they contend Plaintiff lacks standing because it is not the real party in interest in the case as it does not own the residence where the work was due to be performed. But Plaintiff alleges that she is "a direct beneficiary of the trust that owns the residence discussed herein and/or is otherwise the real party in interest." [D.E. 28]. Defendants do not dispute that, if Plaintiff really is a direct beneficiary of the trust that owns the Miami residence, she has standing to bring her claims related to the residence. Instead, Defendants argue, based largely on facts outside the four corners of the complaint, that Plaintiff has not adequately alleged or shown how she really is a direct beneficiary. This argument is based on their assertion that Plaintiff "has never been named on the invoices, agreements, and communications between the parties" and that the owner of the Miami residence "is listed as TVPX Aircraft Solutions, Inc., a Utah corporation, as Trustee of the TVPX 4502 Business Trust." [D.E. 56].

But the amended complaint does in fact allege that Plaintiff has standing based on her status as direct beneficiary of the trust. And it expressly alleges that Plaintiff is the real party in interest based upon the fact that the contractual promises and alleged fraudulent misrepresentations were made by Defendants to Plaintiff personally. [D.E. 28 ¶¶ 1, 9-10, 52]. So merely rebutting Plaintiff's allegation that she has an interest in the Miami residence with other contrary facts is not an appropriate

---

made no attempt to show either good cause or no undue prejudice against Defendants, Plaintiff should not be given leave to amend.

argument for a motion to dismiss. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("At this stage of the litigation, we must accept [Plaintiff's] allegations as true."). Moreover, Defendants' alleged facts are not supported by any sworn declaration or documentation. And even if Defendants' set of facts were true, Plaintiff could still be a direct beneficiary of the trust that owns the Miami residence. As such, Plaintiff's allegations, accepted as true, demonstrate that she has "suffered an 'injury in fact'—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of— the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *See Bennet v. Spear*, 520 U.S. 154, 167 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Plaintiff thus has standing to survive dismissal at the motion to dismiss stage. Whether Plaintiff can maintain individual standing as to *all* the claims alleged in the amended complaint may be a matter for factual development and summary judgment. But as Defendants seek to dismiss the complaint as a whole for lack of standing, that relief should be **DENIED** at this stage.

### D. *Rescission (Count I)*

Next, Defendants move to dismiss the claim against Morada for rescission. Common law rescission is an equitable remedy where the goal is to place the parties in the position that each enjoyed before the contract was executed. *See Billian v.*

10

*Mobil Corp.,* 710 So. 2d 984, 990 (Fla. 4th DCA 1998). This relief is not given as a matter of right; thus, the Court has discretion to allow rescission based on the specifics of each case and in the interest of justice. *See id.* Under the common law, the rescinding party must first tender the property that she has received under the agreement before the contract may be considered void, and then the contract becomes void and the rescinding party may bring an action to insure that the other party will restore her to the position that she was in prior to entering into the agreement. As such, to state a claim for common law rescission, a party must allege facts demonstrating: (1) the parties' relationship or character, (2) a contract, (3) fraud, mistake, false representations, impossibility of performance, or other ground for rescission, (4) that the party seeking rescission actually rescinded the contract and notified the other party accordingly, (5) if the moving party received benefits from the contract, a party must allege that they attempted to restore those benefits, and (6) that there is no adequate remedy at law. *Id.* at 991 (citing *Crown Ice Mach. Leasing Co. v. Sam Senter Farms Inc.,* 174 So. 2d 614, 617 (Fla. 2nd DCA 1965)).

Here, Plaintiff concedes that all of the elements of a proper rescission claim are not met. Specifically, the missing elements are that the contract at issue was not actually rescinded, or that Morada has been notified of a rescission. Plaintiff instead argues that these conditions for rescission would have been futile. Plaintiff, however, fails to cite to any case law that supports a futility exception to a proper rescission claim. The fact that an equitable claim may be futile on its terms does not leave the Plaintiff without a remedy. But it does leave a Plaintiff without a rescission remedy as a matter of law. Accordingly, Defendants' motion to dismiss

Count I should be **GRANTED**.

### E.     *Invasion of Privacy (Count VI)*

Last, Defendants argue that Plaintiff's invasion of privacy claim fails because there are no allegations of a publication. Florida recognizes four types of invasion of privacy claims: "(1) appropriation-the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion-physically or electronically intruding into one's private quarters; (3) public disclosure of private facts-the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye-publication of facts which place a person in a false light even though the facts themselves may not be defamatory." *Agency for Health Care Admin. v. Associated Indus. of Fla., Inc.,* 678 So. 2d 1239, 1252 (Fla. 1996) (citing *Forsberg v. Housing Auth. Of City of Miami Beach,* 455 So. 2d 373, 376 (Fla. 1984) (Overton, J., concurring)). The second type, also called intrusion upon seclusion, requires an intrusion "into a 'place' in which there is a reasonable expectation of privacy." *Allstate Ins. Co. v. Ginsberg,* 863 So. 2d 156, 162 (Fla. 2003) (per curiam). The intrusion must also be highly offensive to the reasonable person. *See Hammer v. Sorensen*, 824 F. App'x 689, 695 (11th Cir. 2020).

Because Plaintiff claim includes intrusion upon seclusion, we cannot dismiss the claim even if Plaintiff failed to allege publication. *See id*. ("Although most claims under this cause of action involve publication to a third party of some matter considered private, the cause of action can nonetheless arise even when no publication occurs.") (citing *Stoddard v. Wohlfahrt*, 573 So. 2d 1060, 1062 (Fla. Dist. Ct. App. 1991)). And Plaintiff's allegations specifically claim that Defendants

12

intruded into the Miami residence and the intrusion was highly offensive to the reasonable person. For instance, Plaintiff alleges that the intrusion included "the physical invasion of the Miami residence via the presence of a multiparty camera crew and staging crew conducting a photoshoot without authorization, as well as the intrusion into Plaintiff's personal affairs, including moving and rifling through Plaintiff's toiletries, underwear, pillows, beds, prescription drugs and personal items." [D.E. 28 ¶49]. These are sufficient and plausible allegations to sustain a claim for invasion of privacy through intrusion upon seclusion. Whether any material damages may flow from such a claim is a matter for the trier of fact.

Defendants counter this showing by arguing that this was not a highly offensive intrusion so the claim should fail. But this too is clearly a question for a jury to answer, not the Court at this stage of litigation. And the Court does not agree that someone going through your underwear without permission (if true) is per se not highly offensive. At the very least a reasonable juror could certainly conclude that such an intimate adventure is highly offensive. Hence Plaintiff has established the elements for a proper invasion of privacy (intrusion upon seclusion) claim, and Defendants' motion to dismiss Count VI should thus be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' amended motion to dismiss [D.E. 56] should be **GRANTED in part** and **DENIED in part**: Counts I, III, IV, and V should be **DISMISSED *with prejudice***.[4] The

---

[4] The related motion to stay discovery [D.E. 58] should also be Denied as moot in light of the viability of the contract and tort claims that are not dismissed.

remaining counts in the amended complaint should proceed to final adjudication based upon a complete record.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 24th day of August, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge