IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

N.A.S,                                                CASE NO. 1:20-cv-24676-DPG

        Plaintiff,

v.

MORADA-HAUTE FURNITURE
BOUTIQUE, LLC,

        Defendant.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, MORADA-Haute Furniture Boutique, LLC ("MORADA"), HOLGER ODENSTEIN ("Odenstein"), and FERNAN HERNANDEZ ("Hernandez")(Morada, Odenstein and Hernandez hereinafter collectively referred to as "Defendants") by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Local Rules and Procedures for the Southern District of Florida, hereby file this Reply to Plaintiff N.A.S. ("Plaintiff") Response in Opposition to Defendants' Motion for Summary Judgment ("Response in Opposition") and in support, state as follows:

**INTRODUCTION**

On August 20, 2021, Defendants filed their Motion for Summary Judgment ("MSJ") seeking summary judgment as to all counts of Plaintiff's First Amended Complaint ("FAC"). More specifically, Defendants seek summary judgment as to Plaintiff's claims for: Rescission

(Count I)[1], Breach of Contract (Count II), Fraud (Count C), Fraud in The Inducement (Count D), Ultra Vires Fraud (Count E)[2], and Invasion of Privacy – Intrusion Upon Seclusion (Count F).

On August 31, 2021, Plaintiff filed her Response in Opposition [Doc. No. 107]. Plaintiff's Response in Opposition, rather than using substantive arguments to oppose Defendants' MSJ, prefers to dwell on inaccurate technicalities, while overlooking the fact that Plaintiff's Response in Opposition, and Opposing Statement of Material Facts [Doc. No. 108] which contains the Declaration of Marcus Hiles [Doc. No. 108-1], are not only rife with technical flaws of their own, but are also substantively flawed. The substantive flaws will be addressed by way of this Reply.

## STANDARD OF REVIEW

Summary judgment must be granted where there is no triable issue of material fact and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990). Once the moving party establishes that there is no genuine issue of material fact, the non-moving party has the burden of presenting specific facts showing that material issues are in dispute. *Celotex*, 477 U.S. at 322–23.

"A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker*, 911 F.2d at 1576–77; *see Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966, 967 (1988) ("[M]ere conclusions or assertions, without evidence to support them, are insufficient to defeat a motion for summary judgment"); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (same). ***Conclusory affidavits, including those based, in part, upon information and belief, are insufficient to withstand a motion for summary judgment.*** *Id.* at 1327. (Emphasis added).

I.  **PLAINTIFF CANNOT ESTABLISH A BREACH OF CONTRACT CLAIM AS PLAINTIFF HAS NOT COME FORTH WITH EVIDENCE OF AN ORAL CONTRACT.**

---

[1] Plaintiff, in its Response in Opposition, states that Plaintiff does not plan to object the dismissal of the Rescission claim, which Magistrate Judge Edwin Torres recommended be dismissed with prejudice under the Report and Recommendation entered on August 24, 2021.

[2] Magistrate Judge Edwin Torres also recommended that Plaintiff's fraud, fraud in the inducement and ultra vires fraud claims be dismissed with prejudice under the Report and Recommendation entered on August 24, 2021. Plaintiff, in its Response in Opposition, has not proffered any further facts or evidence that would overcome Magistrate Judge Torres' finding that Plaintiff's claims lack the requisite specificity and that Plaintiff has had ample time to address this shortcoming but has failed to do so. Furthermore, based upon Plaintiff's discovery responses, it is clear that Plaintiff will not be able to overcome the shortcomings of its claims involving fraud.

Plaintiff, by way of its Response in Opposition, has made it abundantly clear that Plaintiff has not met and cannot meet its burden in order to establish its breach of contract claim. Despite the fact that Defendants have proffered evidence which includes written agreements, e-mail communications, text messages[3], and communications from Morada containing detailed design presentations, furniture customization specifications, etc., Plaintiff has not come forth with any evidence to overcome the evidence presented by Defendants on their Motion for Summary Judgment.

Plaintiff's breach of contract claim is premised entirely upon alleged verbal representations purportedly made by Defendants. However, Plaintiff fails to proffer any evidence other than the self-serving Declaration of Marcus Hiles ("Hiles")[4], who was also a party to the subject transaction(s). *see* [Doc. No. 108-1] at ¶ 2. Plaintiff has also failed to allege or establish mutual assent, which must be proven in order to establish the existence of an oral contract.

Under Florida law, the elements for a claim for breach of contract are: "(1) a valid contract; (2) a material breach; and (3) damages." *Laterza v. JPMorgan Chase Bank, N.A.*, 221 F. Supp. 3d 1347, 1352 (S.D. Fla. 2016) (emphasis added). In addition, to prove a breach of an oral contract, the following must be proved: (1) the existence of a valid contract; (2) a material breach; and (3) damages. *Bryka Skystocks, Ltd. Liab. Co. v. Skystocks, Inc.*, No. V: 11-CV-62135-WILLIAMS, 2013 U.S. Dist. LEXIS 203413, at *32 (S.D. Fla. June 10, 2013). A valid oral contract must meet the basic requirements of contract law, such as offer, acceptance, consideration, ***and sufficient specificity of the essential terms.*** *Id*. at 32. (citing to *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)(Emphasis added).

Furthermore, an oral contract is subject to all the basic requirements of contract law and mutual assent is a prerequisite for the formation of any contract. *Rapar, Ltd. Liab. Co. v. Mansfield*,

---

[3] Defendants inadvertently did not attach the text message in which Hiles terminated Defendant's services and refused any further access to Defendant Morada and its contractors. A true and correct copy is attached hereto as Exhibit "A." Plaintiff, in its Response in Opposition, states that "the evidence Defendants cite where it claims Marcus Hiles terminated its services does not contain any such termination, it cites no other evidence showing that Plaintiff has refused to accept delivery of outstanding goods." See [Doc. No. 107] at Section 2(i) of pg. 4. Furthermore, Plaintiff is equally in possession of said text message as the text message was sent by Plaintiff's husband, Hiles.

[4] Defendants find it important to reiterate the fact that Hiles' Declaration is comprised of self-serving statements and relies on a few e-mail communications and hearsay. The e-mails, in particular, have clearly been redacted and incomplete portions of email chain communications between the parties.  True and ***complete*** copies of the actual email communications reflected in Plaintiff's exhibit 2 and 3 have been attached to Defendants' MSJ as Exhibit D [Doc. No. 102-4], for this Court's consideration thereof.

No. 19-22903-Civ, 2020 U.S. Dist. LEXIS 156035, at *11-12 (S.D. Fla. Aug. 26, 2020) ***Mutual assent is an absolute condition precedent to the formation of the contract***. *Id.* at 11. (Emphasis added)(Internal citations omitted). In order to create a contract it is essential that there be reciprocal assent to a certain and definite proposition. *Id.* at 11. (Internal citations omitted).

Plaintiff has repeatedly asserted that the contract at issue consisted of a verbal agreement whereby Plaintiff engaged Morada to provide interior design services and to manufacture certain rugs and furnishings for a residence in Miami (the "Miami residence"). *See* [Doc. No. 21] at ¶ 9; *see also* Plaintiff's Objections and Responses To Defendants' First Request For Production at RFP No. 1 [Doc. No. 101-7]. Throughout the discovery process, Plaintiff has failed to produce a single document that in any way memorializes or evidences the contract that Plaintiff has alleged between the parties and as the basis of her breach of contract claim. Instead, Plaintiff has repeatedly asserted that all of the contract "terms" were verbal. *See Id*.

Plaintiff conveniently morphs purported verbal representations into material terms of an oral contract. *See* Plaintiff's Supplemental Answers to Defendants' First Set of Interrogatories at No. 4 [Doc. No. 101-10]. The only purported evidence that Plaintiff relies upon and cites to with respect to the supposed material terms upon which Plaintiff bases her claim is the Declaration of Plaintiff's husband, Hiles. However, Hiles' Declaration fails to overcome the evidence presented by Defendants and fails to satisfy Plaintiff's burden, a reality that will not change even if Plaintiff's breach of contract claim is addressed at a trial. As this circuit has previously held, conclusory affidavits, including those based, in part, upon information and belief, are insufficient to withstand a motion for summary judgment. *See Ellis v. England*, supra at 1327.

However, nowhere in Plaintiff's FAC does Plaintiff even allege mutual assent of the parties as to the purported material terms of an alleged oral contract. Nowhere in Plaintiff's discovery responses does Plaintiff even establish the existence of mutual assent as to the terms of the purported oral contract. More importantly, Plaintiff overlooks the existence of invoices issued by Morada prior to commencing the First Project and Second Project, which include material terms such as the price and quantity of each item ordered by Plaintiff, the dimensions and materials for each item manufactured or sold by Morada, and Morada's Terms and Conditions. *See* [Doc. No. 102-3], [Doc. No. 102-4] at pgs. 1-18, and [Doc. No. 102-6]. Plaintiff attempts to go beyond the written invoices, delivered to and accepted by Plaintiff, and Morada's terms and conditions, in order to introduce parole evidence. Plaintiff attempts to introduce parole evidence regarding

written material terms already addressed under each invoice and terms and conditions attached thereto; *to wit*: product and service pricing, warranties, product dimensions, project duration, delivery delays, etc.

It is also noteworthy that Plaintiff has attempted to overcome the above-described evidentiary deficiencies in her attempted breach of contract claim via a sudden assertion of one new and additional purported material term to the alleged contract, *i.e.*, that MORADA agreed that it "would work on a 100% mark up over out of pocket furniture cost and MORADA would also include a 10% discount on the retail price of furniture." *See* Plaintiff's Response in Opposition [Doc. No 107] at pg. 3, ¶ 1. This material term was not asserted by the Plaintiff *in any way* in her initial Complaint, the FAC, Plaintiff's initial answers to interrogatories or Plaintiff's first Motion For Partial Summary Judgement. Nor was this additional material contract term asserted by Plaintiff's husband, Hiles, in his Declaration. *See* Ex. B to Plaintiff's first Motion For Partial Summary Judgment ("MPSJ"). [Doc. No. 51]. Despite having had numerous opportunities to recall and describe all material terms of the purported agreement between the parties, both Plaintiff and Hiles only remembered such a specific and significant material term to the purported verbal contract *after* they reviewed the supplier invoices produced by MORADA in response to discovery. The sudden recollection, however, did not extend to such other essential facts as the identity of the actual individual that made each of the asserted representations and when they were made. Moreover, neither Plaintiff nor Hiles provide any explanation to reconcile the purported representation/agreed term with another material contract term/representation that they have also alleged: that "all goods, including furniture and rugs would be manufactured by MORADA new." *See* Plaintiff's Response in Opposition at pg. 3, ¶ 1.

The record evidence in this case, even if viewed in the light most favorable to Plaintiff, confirms that Plaintiff has failed to satisfy its burden of proof as to: (1) the existence of the alleged verbal contract, (2) what the agreed material terms were, *if any*, were between the parties and (3) whether MORADA breached any contract or agreed terms between the parties. Accordingly, Defendant is entitled to Summary Judgment on Plaintiff's claim for breach of contract and said breach of contract claim should be dismissed.

## II. PLAINTIFF CANNOT ESTABLISH AN INVASION OF PRIVACY CLAIM AS PLAINTIFF HAS NOT COME FORTH WITH ANY EVIDENCE ESTABLISHING LIABILITY AS TO DEFENDANTS MORADA, ODENSTEIN AND HERNANDEZ.

Under Florida law, the elements of the tort of invasion of privacy are: 1) the publication, 2) of private facts, 3) that are highly offensive, and 4) are not of public concern. *Cape Publ'ns, Inc. v. Hitchner*, 549 So. 2d. 1374, 1377 (Fla. 1989) (emphasis added). For purposes of the tort of intrusion upon seclusion, Florida law equates the highly offensive to a reasonable person element from the intrusion-upon-seclusion cause of action with the *outrageousness* element of the intentional-infliction-of-emotional-distress cause of action. *Hammer v. Sorensen*, 824 F. App'x 689, 691 (11th Cir. 2020).

Plaintiff, in its Response in Opposition, cites *solely* to the Declaration of Hiles as the supporting "evidence" for the purported facts surrounding Plaintiff's invasion of privacy claim. However, a review of the Declaration confirms that the Declaration is inadmissible as evidence as to each of the alleged facts pertaining to Plaintiff's invasion of privacy claim. Hiles repeatedly states throughout his Declaration that events that he attests to were experienced by *his wife* (Plaintiff) as opposed to himself. *See* Hiles Decl. ¶ 29, 30, 31 and 32. In fact, each of those allegations contain admissions such as "my wife noticed," "my wife came home early one day and found" and "[w]hen my wife investigated," respectively. *Id.* Because Hiles was not present on the premises at any point during the event and cannot have personal knowledge as to any of them. Federal Rule of Civil Procedure 56(c)(4) states: "[a]n affidavit or Declaration used to support or oppose a motion ***must be made on personal knowledge***…" (emphasis added). *See also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evidence to prove personal knowledge may consist of the witness's own testimony."). Because Plaintiff's husband, admittedly, did not make the findings or any of the events he describes in paragraphs 29, 30, 31, 32, 33, 34 and 35 of his Declaration, none of those paragraphs can be considered as evidence in the Court's analysis, as they fail to satisfy the requirements of Fed. R. Civ. P. 56(c)(4) and Fed. R. Evid. 602.

Moreover, although the statements do not openly quote the Plaintiff, said statements can only be reasonably interpreted to confirm that the facts attested to by Hiles in paragraphs 29, 30,

31, and 32, of his Declaration were each conveyed to him by Plaintiff, his wife. Consequently, it is undeniably clear that said statements are comprised primarily of hearsay statements.[5] The statements in paragraphs 29 through 35 of Hiles' Declaration, which are now offered by Plaintiff for the truth of the matter asserted therein, are based upon information communicated to Hiles by his wife, the Plaintiff, outside this Court.  Accordingly, Hiles' statements would not be admissible for the truth of the matter asserted if Hiles offered them in his testimony at trial.  Fed. R. Civ. P. 801(c).   Unless "the statement could be reduced to admissible evidence at trial or reduced to admissible form," it cannot be considered by the Court on summary judgement.  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (internal quotations omitted); *see also In re Chiquita Brands Int'l Inc.*, No. 08-01916-MD, 2019 U.S. Dist. LEXIS 153856, at *158 n.17 (S.D. Fla. Sep. 5, 2019). Accordingly, each of Hiles' statements in paragraphs 28 through 34 are completely and entirely comprised of inadmissible hearsay.  *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 506 (5th Cir. 2008) (finding that an affidavit from a Federal Agent who was not present when the incident occurred and had no personal knowledge was comprised of inadmissible hearsay and could not be considered by the court on a motion for summary judgment).

Given the inadmissibility of paragraphs 29 through 35 of Hiles' Declaration, the fact that those statements are the only evidence proffered by the Plaintiff in support of its invasion of privacy, Plaintiff has not and will not be able to satisfy its burden in establishing its claim for invasion of privacy.

Plaintiff also argues that it need not prove publication for its claim of invasion of privacy (intrusion on seclusion) because the "rifling through" and "moving" of Plaintiff's belongings was outrageous or extreme. The above-described evidentiary deficiencies (including lack of proffered admissible evidence) apply equally to this argument as well in that Plaintiff has failed to present ***any evidence*** that ***any*** of the Defendants actually "rifled through" her belongings.  A review of the facts alleged in paragraphs 29 through 35 of the Hiles' Declaration confirms the absence of ***any*** assertion that the alleged "rifling through" "moving" and "rearranging" of the Plaintiff's personal items "over weeks and months" was in ***any way*** connected to, permitted or conducted by or at the direction of MORADA (directly or indirectly).  Indeed, nowhere in Hiles' Declaration does he

---

[5] "Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.  Fed. R. Evid. 801(c).

allege that he or his wife were present during the "rifling through," "moving," and "rearranging" of the Plaintiff's personal items "over weeks and months." Throughout the entire extensive discovery process in this case Plaintiff has not once alleged that any of the Defendants, much less MORADA, were the ones who carried out those actions. In fact, Plaintiff has admitted that she does not know the identity of the persons who moved, rifled through, and hid Plaintiff's personal belongings since she was not present at the time of the occurrences. *See* Ex. B at No. 14. Furthermore, MORADA has vehemently denied that it moved, rifled through, and hid Plaintiff's personal belongings. *See* Ex. C and F.

Thus, Plaintiff's MPSJ must be denied as a matter of law as genuine issues of material fact exist as to whether MORADA committed any acts that would qualify as extreme or outrageous for purposes of Plaintiff's claim of invasion of privacy (intrusion on seclusion) and Plaintiff's MPSJ for its Invasion of Privacy Claim should be denied in its entirety.

### III.   CONCLUSION

Based upon the foregoing, considering all of the evidence presented or the lack thereof, Plaintiff will be unable to establish causes of action for breach of contract, fraud, and invasion of privacy. Furthermore, Plaintiff has been unable to overcome the evidence proffered by Defendants in support of their Motion for Summary Judgment. As such, summary judgment should be granted in Defendants' favor, thereby dismissing Plaintiff's claims for rescission, breach of contract, fraud, fraud in the inducement, *ultra vires* fraud and invasion of privacy.

Respectfully submitted,

**LAW OFFICE OF ALEXIS GONZALEZ, P.A.**
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 223-9999
(305) 223-1880 fax

 *Megha Mahajan*
/s/ Megha Mahajan
Megha Mahajan, Esq.
Florida Bar. No. 91831
mmahajan@aglawpa.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via electronic mail on all parties to appear in this action, on September 7, 2021.

CHAIKEN & CHAIKEN P.C.
ROBERT CHAIKEN, ESQ.
Texas Bar No.:
rchaiken@chaikenlaw.com
Secondary: jkile@chaikenlaw.com
5717 Legacy Dr., Suite 250
Plano, TX 75024
Telephone: (214) 265-0250
Facsimile: (214) 265-1537
*Attorneys for Plaintiff (appearing Pro Hac Vice)*

THE FARBER LAW FIRM
DAVID SCOTT FARBER, ESQ.
Florida Bar No.: 370230
Dfarber@dfarberlaw.com
Secondary:
2199 Ponce de Leon Blvd., Ste 301
Coral Gables, Florida 33134
Telephone: 305-774-0134
Facsimile: 305-774-0135
*Co-Counsel for Plaintiff*

By: */s/ Megha Mahajan Esq.*
Megha Mahajan, Esq.
(a/k/a Meghhaa Kumaarr)
FBN: 91831