IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| N.A.S, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| vs. | § CIVIL ACTION NO. 1:20-cv-24676-DPG |
| | § |
| MORADA-HAUTE FURNITURE | § |
| BOUTIQUE, LLC, | § |
| | § |
| *Defendant*. | § |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff files this Reply in Support of her Motion for Leave to file Second Amended Complaint (Doc No. 103) and in support shows the following:

**ARGUMENT AND AUTHORITIES**

A.   **Plaintiff's Amendment would not be futile.**

   1.   **Applicable FDUTPA standard.**

When Defendants state that "most" courts construing claims alleging violations of the Federal Deceptive Trade Practices Act ("FDUTPA") have required the heightened pleading standard requirements of Rule 9(b), they are not telling the Court the full story. Indeed, as acknowledged by the Court in *Gibson v. Resort at Paradise Lakes*, federal district courts in this Circuit have split as to whether FDUTPA claims are subject to Rule 9(b). *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-cv-791-T-36AAS, 2017 U.S. Dist. LEXIS 125980, at *7-8 (M.D. Fla. Aug. 9, 2017); *compare Costa v. Kerzner Int'l Resorts, Inc.*, No. 11-60663-Civ, 2011 U.S. Dist. LEXIS 66921, at *2 (S.D. Fla. June 23, 2011) (holding that the requirements of Rule 9(b) categorically do not apply to claims under FDUTPA.); *Harris v. Nordyne, LLC*, No. 14-CIV-

21884, 2014 U.S. Dist. LEXIS 189248, 2014 WL 12516076, at *4 (S.D. Fla. Nov. 14, 2014) (same); *U.S. Bank N.A. v. Capparelli*, 2014 U.S. Dist. LEXIS 84284, 2014 WL 2807648, at *5 (S.D. Fla. Jun. 20, 2014) ("Rule 9(b) does not apply to FDUTPA claims, [and] its requirements cannot serve as a basis to dismiss those claims."); *with Llado-Carreno v. Guidant Corp.*, No. 09-20971, 2011 U.S. Dist. LEXIS 17088, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (finding that Rule 9(b) does apply and reasoning that "the particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law."); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (construing the claim alleging violations of the FDUTPA with the heightened pleading standard requirements of Rule 9(b)); *Blair v. Wachovia Mortg. Corp.*, No. 5:11-CV-566-OC-37TBS, 2012 U.S. Dist. LEXIS 33941, 2012 WL 868878, at *2-3 (M.D. Fla. Mar. 14, 2012) (same). It does not appear that the 11th Circuit has ruled on this issue directly. As such, it appears that the Court is not bound by Rule 9(b) when considering whether or not Plaintiff's proposed amendment is proper. However, as discussed below, Plaintiff asserts that she has properly plead her FDUTPA claim, whether Rule 9(b) applies or not.

2. **Plaintiff adequately plead her FDUTPA claim.**[1]

Plaintiff has provided Defendants with adequate information with which to defend the FDUTPA claim against them, both through discovery and pleadings in summary judgment practice. Indeed, in the very same discovery cited by Defendants in their Response, in response to Interrogatory No. 4, Plaintiff has provided Defendants with the substance, time frame, and manner in which each of the misrepresentations conveyed to Plaintiff. For example, with respect to the representation regarding the marble table, Plaintiff conveyed to Defendants that the

---

[1] Of note, Plaintiff's fraud claims were dismissed via the Report and Recommendation of the Magistrate Judge only after Plaintiff filed her Motion for Leave to File Second Amended Complaint.

**PLAINTIFF'S REPLY IN SUPPORT OF HER**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**                                                                 **PAGE 2**

misrepresentations occurred during a specific period of time (October 2019 – summer of 2020) and place and manner, *i.e.* that Mr. Odenstein and Mr. Hernandez made the misrepresentation personally during conversations onsite at the Project, at MORADA's office and during telephone conversations. *See* Doc. No. 115-1 at p. 5. Notwithstanding Defendants' contentions otherwise (and that these details were not in the pleadings that were recently dismissed), these descriptions clearly satisfy Rule 9(b). Similarity, through discovery and summary judgment practice, Plaintiff has provided details of the misrepresentations made by Defendants subject to FDUTPA such as the agreed upon markup. Plaintiff asserts that if Rule9(b) applies these are sufficient. However, in the event that the Court thinks more is required, Plaintiff would ask that it be granted leave to amend its proposed Second Amended Complaint to plead additional specific details which are within Plaintiff's knowledge and ability to plead.

**B.     Plaintiff has shown good cause to amend her complaint and there is no prejudice to Defendants.**

    **1.     There is good cause to allow Plaintiff to amend her complaint.**

Defendants offer two reasons why they contend Plaintiff has not satisfied the good cause standard required for her to amend her complaint. First, Defendants assert that Plaintiff received the information leading to her request to amend her complaint on July 14, 2021, but did not file the Motion for Leave to Amend until August 23, 2021. This is true. However, the time between the two events, as discussed in Plaintiff's Motion for Leave, was spent evaluating the documents and whether or not there was a claim. Taking a little over a month to perform this task is hardly dilatory behavior.

Second, Defendants argue that there is no good cause because Plaintiff has not alleged a representation by Defendants with respect to the pricing until now. Again, Plaintiff agrees this is true. However, such an agreement was not material or relevant to Plaintiff's asserted causes of

action until Plaintiff received the documents on July 14, 2021 and realized that the representation regarding pricing had been *misrepresented* and false. Before that time, such representations were not worth mentioning as Plaintiff was under the impression that Defendants had abided by their agreement with Plaintiff regarding pricing. Plaintiff further notes that the invoices produced by Defendants is still not complete and thus Plaintiff has not been able to evaluate the full extent of the offending conduct.

    *2.*    **The Amendment will not prejudice Defendants.**

Finally, Defendants argue that granting Plaintiff's Motion for Leave at this stage in the proceedings will significantly prejudice Defendants. However, an examination of the actual facts negates this argument. Here, depositions have not yet been taken and are scheduled for later this month. Thus, Defendants will be able to discover the details of this claim during the depositions. In addition, Plaintiff's supplemental discovery responses have information about this claim and through this discovery and summary judgment practice, Defendants are well aware of the details of this claim. For example, Defendants state that they are unaware of which items are wrongfully charged because Plaintiff's Complaint does not identify the items. However, Plaintiff's Second Partial Motion for Summary Judgment and Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment detail and identify each item for which Plaintiff claims she was wrongfully charged.

The fact that Defendants deny the claim does not change that they have ample opportunity to discover more details about the claim (if even necessary) and prepare a defense during the depositions that are scheduled. Defendants' argument that discovery regarding these issues would involve an "extensive compilation" of documents is simply wrong. All the claims in this case have involved the parties' relationship with respect to the decorating transaction.

Discovery has focused on the terms of the agreements between the parties and any representations made. There would not be a need for many additional documents to be produced or much additional discovery at all as the FDUTPA claim is closely related to the claims that have already been asserted.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's motion and allow Plaintiff to file her Second Amended Complaint.

Respectfully submitted,

*/s/ Davis S. Farber*
David S. Farber
FBN: 0370230
dfarber@dfarberlaw.com

**THE FARBER LAW FIRM**
2199 Ponce De Leon Blvd., Suite 301
Coral Gables, Florida 33134
(305) 774-0134
(305) 774-0135 fax

Robert L. Chaiken   ***Pro Hac Vice***
Texas State Bar No. 04057830
rchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
5717 Legacy Dr., Suite 250
Plano, Texas 75024
(214) 265-0250
(214) 265-1537 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically served upon all counsel of record via the Court's CM/ECF filing system, on the 9th day of September, 2021.

*/s/ David S. Farber*
David S. Farber