IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| N.A.S, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:20-cv-24676-DPG |
| | § | |
| MORADA-HAUTE FURNITURE | § | |
| BOUTIQUE, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO CLARIFY AND/OR RECONSIDER THE COURT'S RULING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MOTION TO STRIKE DEFENDANTS' LATE FILED RESPONSE**

Plaintiff files this Reply in Support of her Motion to Clarify and/or Reconsider the Court's Ruling (Doc. No. 126) on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 103) and Motion to Strike Defendants' Late Filed Response and in support shows the following:

1. Plaintiff filed her original Motion to Clarify and/or Reconsider the Court's ruling on October 20, 2021. *See* Doc. 131.

2. Thus, pursuant to Local Rule 7.1(c), Defendants had 14 days from the date of the filing of the Motion to file a response. Their response was due November 3, 2021. However, notwithstanding that rule, and with no motion for leave, Defendants filed their Response four days late on November 7, 2021. Plaintiff moves to strike the Response since it was not timely filed pursuant to the Local Rules.

3. Apart from the fact that the Response was late, it also rests on a basic misunderstanding and misreading of the Court's Ruling on plaintiff's Motion for Leave to File Second Amended Complaint.

4. Specifically, Defendants argue that the Court's Order is "not based solely upon an adoption of the Magistrate's reasoning in the Report and Recommendation" and thus, even though the Magistrate Judge did not consider Plaintiff's Motion for Leave to File Second Amended Complaint, the Court conducted its own inquiry and denied Plaintiff leave to file.

5. However, the plain language of the Court's Order belies Defendants' conclusion.

6. In the beginning of the Court's Order, in fact, in its first line, it references the fact that what is before the Court is "Magistrate Judge Edwin G. Torres's Report and Recommendation" regarding Defendants' Motion to Dismiss the Amended Complaint. *See* Doc. 126.

7. In addition, there is no discussion of the merits of Plaintiff's Motion for Leave to file Second Amended Complaint in the Court's Order. Instead, at the conclusion, the Court states that it "agrees with Judge Torres's well-reasoned analysis and conclusions" that "(4) Plaintiff's Motion for Leave to File Second Amended Complaint should be denied" *See* Doc. 126 at pp. 2-3. Indeed, the Court states that Judge Torres considered Plaintiff's Motion for Leave to File Second Amended Complaint in his Report. *Id.* at p. 3. But it is clear that Magistrate Judge Torres *did not* consider Plaintiff's Motion for Leave to File Second Amended Complaint at all in his Report and Recommendation. Plaintiff's Motion for Leave to File Second Amended Complaint was never before Magistrate Judge Torres. This is precisely why Plaintiff seeks clarification.

8. As such, Defendants' argument that the Court conducted some sort of analysis of Plaintiff's Motion for Leave to File Second Amended Complaint outside of Judge Torres's Report is incorrect.

9. Again, as stated in Plaintiff's Motion for Clarification, Plaintiff's Motion for Leave to file Second Amended Complaint was not before Judge Torres and is not considered in his Report and Recommendation. *See* Doc. 104. Thus, Plaintiff seeks clarification from the Court and to the extent necessary, reconsideration of this issue as Plaintiff is entitled to a decision by the Court on this specific issue.

Respectfully submitted,

*/s/ Davis S. Farber*
David S. Farber
FBN: 0370230
dfarber@dfarberlaw.com

**THE FARBER LAW FIRM**
2199 Ponce De Leon Blvd., Suite 301
Coral Gables, Florida 33134
(305) 774-0134
(305) 774-0135 fax

Robert L. Chaiken   *Pro Hac Vice*
Texas State Bar No. 04057830
rchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
5717 Legacy Dr., Suite 250
Plano, Texas 75024
(214) 265-0250
(214) 265-1537 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of this Objection has been electronically served upon all counsel of record via the Court's CM/ECF filing system, on the 12th day of November, 2021.

                */s/ David S. Farber*
                David S. Farber