# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24676-Civ-GAYLES/TORRES

N.A.S.,

    Plaintiff,

v.

MORADA-HAUTE FURNITURE
BOUTIQUE LLC, FERNAN HERNANDEZ,
and HOLGER ODENSTEIN,

    Defendants.
_____/

### REPORT & RECOMMENDATION ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' cross-motions for summary judgment filed by Morada-Haute Furniture Boutique LLC's ("Morada"), Fernan Hernandez's ("Hernandez"), and Holger Odenstein's ("Odenstein") (collectively, "Defendants") and N.A.S. ("Plaintiff"). [D.E. 98, 99, 101, 102]. We also consider Plaintiff's related motion to strike declarations in support of Defendants' motion for summary judgment. [D.E. 114]. Defendants filed their response to Plaintiff's motion for summary judgment on August 27, 2021 [D.E. 105][1] to which Plaintiff filed

---

[1] Defendants mistakenly filed this response in opposition to Plaintiff's unopposed motion to file under seal, [D.E 96], but the contents of the filing are in response to the merits of the motion for summary judgment, so we treat it as a properly filed response.

1

a reply on September 3, 2021 [D.E. 117]. Defendants filed their response to Plaintiff's motion to strike on September 13, 2021 [D.E. 123] to which Plaintiff did not reply. Plaintiff filed her response to Defendants' motion on August 31, 2021 [D.E. 107, 108, 112, 113] to which Defendants filed a corrected reply on September 7, 2021 [D.E. 120]. Plaintiff filed an objection to the reply on September 9, 2021 [D.E 122].

Therefore, the motions are now ripe for disposition.[2] After careful consideration of the motions, responses, replies, objection, relevant authority, and for the reasons discussed below, Defendants' [101] motion for summary judgment should be **GRANTED in part**, Plaintiff's [98] motion for summary judgment should be **DENIED**, and Plaintiff's [114] motion to strike should be **DENIED as moot**.

## I.   BACKGROUND

Morada is a company that provides interior design services and installs custom-made furniture. Odenstein Declaration at ¶ 4; [D.E. 102-1]. Odenstein and Hernandez are co-founders of Morada. Plaintiff and her husband ("MH") hired Morada to provide interior design services and to manufacture rugs and furnishings for a residence in Miami (the "Residence"). MH Declaration at ¶ 4; [D.E. 98-1]. The parties started consulting on the project in July 2019 and the business relationship

---

[2] On July 26, 2021, the Honorable Darrin P. Gayles referred to the Undersigned a Report and Recommendation on all dispositive matters. [D.E. 85].

continued into November 2020. There was no overarching written agreement that memorialized this business relationship.

Morada did send Plaintiff and her husband certain invoices for its services and goods it provided and delivered. The invoices provided pricing and product descriptions and sizes. They also included a terms and conditions section. The parties also occasionally communicated via text messages and emails. For instance, after a lot work had already been completed, MH texted Odenstein about some follow-up issues. This included adding additional black out shades, programming the NordicTrack, reprogramming certain electric systems, and replacing a dining room rug that MH found unacceptable.

On August 3, 2020, Morada filmed a video of the work completed at the Residence to date with Plaintiff and her husband present. After this, and through October 2020, Plaintiff and her husband continued to use Morada's services and ordered more products. During this time, Morada had a key to the Residence to complete its work unsupervised as necessary. Also around this time, Plaintiff and MH began to fully occupy the Residence. Plaintiff then noticed that her personal items were moved, closets were rifled through, the kitchen was rearranged, and the refrigerator contained non-occupant items. But Morada denied any knowledge of these issues at the time and still does. Then on October 14, 2020, Plaintiff came home early and discovered a five-person photography crew taking photos of the Residence for Morada's own use without notice to Plaintiff. MH sent a text to Odenstein shortly after the shoot to talk about it immediately. Two weeks later, MH sent Morada an email requesting that it sign a Non-Disclosure Agreement ("NDA")

3

to keep the remaining work at the Residence confidential. The NDA also included a list of remaining work to be finished, which was comprised of changes to work already done and new orders yet to be performed.

After Morada did not sign the NDA, MH sent Morada an email on November 3, 2020 stating that he would "need to dispute all historical credit card charges" if the NDA was not signed that day. After the parties failed to reach an agreement on the terms of the NDA, MH sent Odenstein a text message terminating Morada's services on November 10, 2020.[3] Three days later, Plaintiff initiated this suit. [D.E. 1].

On March 2, 2021, Plaintiff filed a six-count amended complaint: Rescission against Morada (Count I), Breach of Contract against Morada (Count II), Fraud in the Inducement against Defendants (Count III), Fraud against Defendants (Count IV), Ultra Vires Fraud/Fraud in the Inducement against Odenstein and Hernandez (Count V), and Invasion of Privacy against Defendants (Count VI). [D.E. 28]. On June 18, 2021, Defendants moved to dismiss the amended complaint. [D.E. 56]. On August 24, 2021, the Undersigned submitted a Report and Recommendation that recommended dismissing Counts I, III, IV, and V. [D.E. 104]. The Court affirmed and adopted such recommendations on October 12, 2021. [D. 126]. We only

---

[3] Plaintiff filed an objection to this text message being considered by the Court as it was not provided until Defendants filed their reply to the motion. This objection is unavailing for a few reasons. First, the objection states that the text message is not dispositive on any issue in the cross-motions, so we are confused why it was even filed. Second, Odenstein's Declaration filed with the motion swears to the content of the text message, so it was not newly introduced evidence when a copy was provided with the reply. Third, Plaintiff does not dispute the authenticity of the text message and her husband sent it, so there is no unfair prejudice as it was known to her prior to the litigation.

address the arguments related to the remaining counts, Breach of Contract (Count II) and Invasion of Privacy (Count VI).

## II. LEGAL STANDARD

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986) (quoting another source).

In opposing a motion for summary judgment, the nonmoving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A court need not permit a case to go to a jury . . . when the

inferences that are drawn from the evidence, or upon which the non-movant relies, are 'implausible.'" *See Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita*, 475 U.S. at 592-94).

At the summary judgment stage, a court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). "Summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### III. ANALYSIS

#### A. *Breach of Contract (Count II)*

The elements of a breach of contract action governed by Florida law are well established. "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller,* 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

Plaintiff contends that she has established facts that show there was an oral contract between her and Morada and Morada materially breached it by delivering certain products that were late, overpriced, and faulty based on agreed-upon

6

standards. Morada argues that Plaintiff has not established such facts, and if she has, it at minimum has shown a genuine dispute of material fact. In reply, Plaintiff asserts that we must accept only her side of the story under Local Rule 56.1(c) because Morada failed to submit a responsive statement of material facts pursuant to Local Rule 56.1(b)(2).

We begin with whether Plaintiff has set the foundation for a breach of contract claim. Based on MH's Declaration, MH and Plaintiff entered into an oral agreement with Morada that contained the following material terms: (1) Morada would work on a 100% mark up over out of pocket furniture cost; (2) all goods would be manufactured by Morada solely in Italy; (3) Morada represented it would warranty its products; (4) all fabrics would be "performance fabrics," (5) the marble table would be six centimeters thick; (6) the carpets provided would not stain due to water, wine or coffee spills; (7) Morada would complete its work in less than five months; (8) Morada promised to have a Morada employee at the Residence always present while any installer, repair personnel or "punch list" contractors worked; (9) and it would lock up the Residence for the day upon completion. *See, e.g.*, MH Declaration. MH's declaration, and certain invoices and written communication, then show that each of these terms were breached by Morada. The damages are evident.

Morada, in arguing for its cross-motion to be granted on the breach of contract claim, asserts that Plaintiff has failed to provide written evidence that there was any agreement or that any of these terms were part of an agreement. It also cites to certain emails and invoices that show, among other inconsistencies in MH's Declaration, that Plaintiff only wanted some of the work completed within 5 months,

7

that Plaintiff was fine with some of the furniture not coming from Italy, and that the invoice for the marble table did not include dimensions of it being six centimeters thick. But this only shows a partial picture, and the complete contract terms could mirror the ones outlined in MH's Declaration. Moreover, Morada has provided us with no showing that the terms and conditions of this work were covered by a master written agreement that prohibited oral understandings, or any authority that these understandings are only enforceable as a matter of law if reduced to written terms. So the various discrepancies cited in MH's Declaration between what was allegedly promised and what was delivered are fodder for trial on an oral contract claim.

As one of many examples, the invoice for the marble table provides no dimensions for its thickness, and the parties agree it is not 6 inches thick. So, a factual issue exists whether an oral agreement existed as to the thickness of the table and whether Morada breached that agreement. This is a question for a jury, so Morada's cross-motion in connection to Count II should be **DENIED**.

Turning to Plaintiff's own motion and request for judgment in her favor on the breach of contract claim, she posits that it is due to be granted because Morada failed to follow the Local Rules. This argument is purely form over substance that should be rejected. Defendants' cross-motion, filed after Plaintiff's, was accompanied by a statement of material facts that supports Morada's arguments on why the Court should rule in its favor on the breach of contract claim. These arguments mirror the ones Morada makes in response to Plaintiff's cross-motion. Morada filing a responsive statement of material facts would therefore be mostly redundant. The Court already knows what facts Morada has brought forward in showing that there

8

is a genuine issue of material fact in connection to the breach of contract claim. Punishing Morada for not following the Local Rules precisely in this situation is clearly not merited. To that point, Plaintiff fails to cite to a single case that has accepted one party's statement of material facts as true in light of another party's violation of Local Rules in such a circumstance. Accordingly, we consider Morada's statement of material facts filed with its cross-motion as responsive to Plaintiff's statement of material facts.

And when considering Morada's statement of material facts, there is clearly a genuine dispute of material fact. Indeed, both parties only make arguments based on what facts the Court should accept and not on any case law. Adjudication of the breach of contract claim is thus not appropriate at this stage of litigation and is best left for the fact finder to resolve. In other words, entry of summary judgment must be precluded. Plaintiff's motion for summary judgment on Count II should be **DENIED**.

### B.  *Invasion of Privacy (Count VI)*

Florida recognizes four types of invasion of privacy claims: "(1) appropriation-the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion-physically or electronically intruding into one's private quarters; (3) public disclosure of private facts-the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye-publication of facts which place a person in a false light even though the facts themselves may not be defamatory." *Agency for Health Care Admin. v. Associated Indus. of FL.,* 678 So. 2d 1239, 1252 (Fla. 1996) (citing *Forsberg v. Housing Auth. Of*

9

*Miami Beach,* 455 So. 2d 373, 376 (Fla. 1984) (Overton, J., concurring)). The second type, also called intrusion upon seclusion, requires an intrusion "into a 'place' in which there is a reasonable expectation of privacy." *Allstate Ins. Co. v. Ginsberg,* 863 So. 2d 156, 162 (Fla. 2003) (per curiam). The intrusion must also be highly offensive to the reasonable person. *See Hammer v. Sorensen*, 824 F. App'x 689, 695 (11th Cir. 2020). This requires a plaintiff to show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985). The conduct must be viewed objectively. *Id.* Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1993).

Here, Plaintiff's invasion of privacy claim is based on intrusion upon seclusion. It can be broken down into two central set of facts: (1) Plaintiff noticing that a person or persons, possibly agents of Morada, touched personal items in the Residence without permission and (2) Morada having a photoshoot at the Residence without consent. Both set of facts are supported solely by MH's Declaration.

Defendants argue that Plaintiff has failed to establish a single element of her invasion of privacy claim because she has not come forward with any admissible evidence in support of the claim. While Plaintiff has provided MH's Declaration to support the claim, Defendants assert that MH's statements are inadmissible under Federal Rule of Civil Procedure 56(c)(4) and Federal Rule of Evidence 602 as MH has no first-hand knowledge of them. In other words, Defendants contend that the Court

10

cannot determine whether Defendants' conduct was "outrageous" enough to be highly offensive to a reasonable person if there is no admissible evidence of the alleged conduct. Plaintiff counters that each statement made by MH is either a present sense impression and/or an excited utterance under Federal Rule of Evidence 803 and are thus admissible facts as exceptions to the hearsay rule.

Rule 56(c)(4) states that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Rule 602, the hearsay rule, states that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Exceptions to the hearsay rule include a present sense impression: "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it", or an excited utterance: "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(1)-(2).

Plaintiff acknowledges that MH lacks personal knowledge of seeing Morada's film crew in the Residence or noticing personal items in the Residence being touched and moved. He only knows about them because his wife told him. So these observations by Plaintiff can only be sworn to *by MH* if some exception to the hearsay rule applies. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1268 n.10 (11th Cir. 2010) (finding testimony from plaintiff about what others told her, without offering affidavits or sworn statements from those other employees, was inadmissible

11

hearsay that could not be used to defeat summary judgment). Plaintiff fails to make any argument or cite to any case law on how the statements are either present sense impressions or excited utterances, which was clearly Plaintiff's burden in her reply. The Court thus does not know when Plaintiff told her husband about the intrusions of privacy. Plaintiff's silence on this point is telling and understandable because no exception applies. *Compare Navarette v. California*, 572 U.S. 393, 399 (2014) (noting that the present sense impression exception typically applies during real time 911 calls or at least to second call that took place minutes later), *with United States v. Cain,* 587 F.2d 678, 681 (5th Cir. 1979) (hearsay exception for present sense impression did not apply where delay of 15 to 45 minutes elapsed before reporting of an incident).

These statements to her husband—made at some indeterminate point after the fact— thus do not qualify as a present sense impression or an excited utterance. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1248 (11th Cir. 2007) (not considering hearsay statements in connection to a motion for summary judgment because the party cited no case law on how the excited utterance exception to the hearsay rule applied and failed to produce any admissible evidence demonstrating that the party had first-hand knowledge of the material facts). Without an applicable exception to the hearsay rule, Plaintiff is left with no admissible evidence to support her invasion of privacy claim. Defendant's motion on this claim is therefore due to be granted.

Regardless, even if Plaintiff could demonstrate an exception to the hearsay rule applied, there would still be a genuine dispute as to material facts for the invasion of privacy claim. First, for the touching of personal items, Morada denies it did this

12

and Plaintiff only assumes it did. While the facts suggest it was likely Morada, it is up to the fact finder to make that determination. Second, for the photo shoot, Morada claims it had consent to do it. Indeed, Plaintiff argues in her response to Defendants' motion that she can "show ample evidence to establish a genuine issue of material fact on her invasion of privacy claim." [D.E. 107]. Plaintiff cannot have it both ways.

Accordingly, Plaintiff's cross-motion for summary judgment in relation to the invasion of privacy claim (Count VI) should be **DENIED**, and Defendants' motion for summary judgment in relation to the invasion of privacy claim (Count VI) should be **GRANTED**.

We last resolve Plaintiff's motion to strike. The motion seeks to strike substantial portions of the declarations of Odenstein and Hernandez for being hearsay or conclusory statements. This is unnecessary motion practice. Plaintiff has already addressed this in her responsive statement of material facts to which the Court already considered. To that point, the parts of the declarations relevant to establishing a genuine issue of material fact to the breach of contract are properly established. For the invasion of privacy claim, it is moot as Plaintiff failed to establish her own set of facts. Plaintiff's motion to strike should therefore be **DENIED as moot**.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' [101] motion for summary judgment should be **GRANTED** in relation to Count VI and **DENIED** in relation to Count II, Plaintiff's [96] motion for summary judgment should

be **DENIED**, and Plaintiff's [114] motion to strike should be **DENIED as moot**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have *ten (10)* days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. With the trial date looming, The Court finds good cause to expedite the objection period as per Rule 4(b). Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 20th day of December, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge