UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24676-GAYLES/TORRES

**N.A.S.**,

    Plaintiff,

v.

**MORADA-HAUTE FURNITURE
BOUTIQUE, LLC, FERNAN HERNANDEZ,
and HOLGER ODENSTEIN**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres's Report and Recommendation (the "Report") [ECF No. 154] regarding the following motions: (1) Plaintiff N.A.S.'s Second Motion for Partial Summary Judgment Regarding Defendant's Liability on Certain Causes of Action (the "Partial Motion") [ECF No. 98]; (2) Defendants', MORADA-Haute Furniture Boutique, LLC, Fernan Hernandez, and Holger Odenstein, Motion for Summary Judgment (the "Motion") [ECF No. 101]; and (3) Plaintiff's Objections to and Motion to Strike the Declarations of Odenstein and Hernandez Submitted in Support of Defendants' Motion for Summary Judgment (the "Motion to Strike") [ECF No. 114]. On November 13, 2020, Plaintiff N.A.S. filed this action against Defendant MORADA-Haute Furniture Boutique, LLC. [ECF No. 1]. On March 2, 2021, Plaintiff filed her First Amended Complaint against Defendant MORADA-Haute Furniture Boutique, LLC, and joined Defendants Fernan Hernandez and Holger Odenstein. [ECF No. 28]. On July 26, 2021, the Court referred this case to Judge Torres, pursuant

to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 85].

On August 13, 2021, Plaintiff filed her Partial Motion in which she seeks judgment as a matter of law as to the liability element of her breach of contract, fraud, and invasion of privacy claims against Defendant MORADA-Haute Furniture Boutique, LLC.[1] [ECF No. 98]. On August 20, 2021, Defendants filed their Motion seeking summary judgment in their favor as to all counts of the First Amended Complaint. [ECF No. 101]. On September 2, 2021, Plaintiff filed her Motion to Strike. [ECF No. 114]. On December 20, 2021, Judge Torres issued his Report recommending that: (1) Plaintiff's Partial Motion be denied; (2) Defendants' Motion be denied as to Plaintiff's breach of contract claim (Count II); (3) Defendants' Motion be granted as to Plaintiff's invasion of privacy claim (Count VI); and (4) that Plaintiff's Motion to Strike be denied as moot.[2] [ECF No. 154]. Plaintiff timely filed Objections to the Report, which are limited to Judge Torres's recommendation regarding Plaintiff's invasion of privacy claim. [ECF No. 157].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

---

[1] On June 8, 2021, Plaintiff filed her original Partial Motion for Summary Judgment Regarding Defendant's Liability on Certain Causes of Action, [ECF No. 51], which Judge Torres denied as moot on August 2, 2021, [ECF No. 93].

[2] On June 18, 2021, Defendants moved to dismiss the First Amended Complaint. [ECF No. 56]. On August 24, 2021, Judge Torres issued a Report and Recommendation that recommended dismissing the counts for recission, fraud in the inducement, fraud, and *ultra vires* fraud/fraud in the inducement within the First Amended Complaint. [ECF No. 104]. On October 12, 2021, the Court affirmed and adopted Judge Torres's Report and Recommendation and dismissed those counts. [ECF No. 126]. Thus, Judge Torres's Report only considers the arguments in Plaintiff's Partial Motion and Defendants' Motion related to Plaintiff's breach of contract and invasion of privacy claims in the First Amended Complaint.

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review of Plaintiff's Partial Motion, Defendants' Motion, Plaintiff's Motion to Strike, Plaintiff's Objections, and the record, the Court agrees with Judge Torres's well-reasoned analysis and recommendations in the Report that: (1) Plaintiff's Partial Motion be denied; (2) Defendants' Motion be denied as to Plaintiff's breach of contract claim (Count II); (3) Defendants' Motion be granted as to Plaintiff's invasion of privacy claim (Count VI); and (4) that Plaintiff's Motion to Strike be denied as moot. The Court briefly addresses Plaintiff's two main objections to the Report.

First, Plaintiff challenges Judge Torres's analysis of the admissibility of the statements in the Declaration of Marcus Hiles. *See* [ECF No. 157 at 9–15]. Generally, "inadmissible hearsay cannot defeat a motion for summary judgment where there is no indication that it is reducible to a form that would be admissible at trial." *Org. of Pro. Aviculturists, Inc. v. Kershner*, --- F. Supp. 3d ---, No. 20-CIV-22059, 2021 WL 4739055, at *5 (S.D. Fla. Sept. 30, 2021). As it relates to an affidavit, "[h]earsay contained within an affidavit is not admissible unless the representations are subject to an exception to the hearsay rule provided by either Federal Rule of Evidence 803 or 804." *Id.* The Court agrees with Judge Torres that no exceptions to the hearsay rule apply to the Declaration of Marcus Hiles, which Plaintiff relies on to support her invasion of privacy claim.

Second, Plaintiff argues that the Declaration of Marcus Hiles and Plaintiff's responses to Defendants' Interrogatories create a genuine issue of material fact as to her invasion of privacy claim. [ECF No. 157 at 15–20]. On summary judgment, "conclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (quoting *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). Moreover,

"[i]t is well-settled that conclusory affidavits, submitted by a nonmoving party in opposition to a motion for summary judgment, will not create an issue of fact for trial." *Org. of Pro. Aviculturists, Inc.*, 2021 WL 4739055, at *5. Similarly, "[a]ffidavits based on information and belief, rather than personal knowledge, are . . . insufficient to withstand a motion for summary judgment." *Id.* Here, neither the Declaration of Marcus Hiles nor the various responses to Defendants' Interrogatories create a genuine issue of material fact.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Chief Magistrate Judge Edwin G. Torres's Report and Recommendation, [ECF No. 154], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2. Plaintiff N.A.S.'s Second Motion for Partial Summary Judgment Regarding Defendant's Liability on Certain Causes of Action, [ECF No. 98], is **DENIED**.

3. Defendants', MORADA-Haute Furniture Boutique, LLC, Fernan Hernandez, and Holger Odenstein, Motion for Summary Judgment, [ECF No. 101], is **GRANTED** as to Count VI of the First Amended Complaint and **DENIED** as to Count II of the First Amended Complaint.

4. Plaintiff's Objections to and Motion to Strike the Declarations of Odenstein and Hernandez Submitted in Support of Defendants' Motion for Summary Judgment, [ECF No. 114], is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of February, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE