**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-24676-Civ-GAYLES/TORRES

N.A.S.,

  Plaintiff,

v.

MORADA-HAUTE FURNITURE
BOUTIQUE LLC, FERNAN HERNANDEZ,
and HOLGER ODENSTEIN,

  Defendants.
_____/

**ORDER ON PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

This matter is before the Court on N.A.S.'s ("Plaintiff") motion in limine against Morada-Haute Furniture Boutique LLC's ("Morada"), Fernan Hernandez's ("Hernandez"), and Holger Odenstein ("Odenstein") (collectively, "Defendants"). [D.E. 141]. Defendants responded to Plaintiff's motion on December 14, 2021, [D.E. 146], and Plaintiff did not reply. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion in limine is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Morada is a company that provides interior design services and installs custom-made furniture. Odenstein and Hernandez are co-founders of Morada. Plaintiff and her husband ("Mr. Hiles") hired Morada to provide interior design

1

services and to manufacture rugs and furnishings for their residence in Miami (the "Residence"). The parties started consulting on the project in July 2019 and the business relationship continued into November 2020. There was no overarching written agreement that memorialized this business relationship.

Morada did send Plaintiff and her husband certain invoices for its services and goods it provided and delivered. The parties also occasionally communicated via text messages and emails. For instance, after a lot of work had already been completed, Mr. Hiles texted Odenstein about some follow-up issues.

On August 3, 2020, Morada filmed a video of the work completed at the Residence to date with Plaintiff and her husband present. After this, and through October 2020, Plaintiff and her husband continued to use Morada's services and ordered more products. During this time, Morada had a key to the Residence to complete its work unsupervised as necessary. Also around this time, Plaintiff and Mr. Hiles began to fully occupy the Residence. Plaintiff then noticed that her personal items were moved, closets were rifled through, the kitchen was rearranged, and the refrigerator contained non-occupant items. But Morada denied any knowledge of these issues at the time and still does. Then on October 14, 2020, Plaintiff came home early and discovered a five-person photography crew taking photos of the Residence for Morada's own use without notice to Plaintiff. Mr. Hiles sent a text to Odenstein shortly after the shoot to talk about it immediately. Two weeks later, Mr. Hiles sent Morada an email requesting that it sign a Non-Disclosure Agreement ("NDA") to keep the remaining work at the Residence

confidential. The NDA also included a list of remaining work to be finished, which was comprised of changes to work already done and new orders yet to be performed.

After Morada did not sign the NDA, Mr. Hiles sent Morada an email on November 3, 2020, stating that he would "need to dispute all historical credit card charges" if the NDA was not signed that day. After the parties failed to reach an agreement on the terms of the NDA, Mr. Hiles sent Odenstein a text message terminating Morada's services on November 10, 2020. Three days later, Plaintiff initiated this suit. [D.E. 1].

On March 2, 2021, Plaintiff filed a six-count amended complaint: Rescission against Morada (Count I), Breach of Contract against Morada (Count II), Fraud in the Inducement against Defendants (Count III), Fraud against Defendants (Count IV), Ultra Vires Fraud/Fraud in the Inducement against Odenstein and Hernandez (Count V), and Invasion of Privacy against Defendants (Count VI). [D.E. 28]. On June 18, 2021, Defendants moved to dismiss the amended complaint. [D.E. 56]. On August 24, 2021, the Undersigned submitted a Report and Recommendation that recommended dismissing Counts I, III, IV, and V. [D.E. 104]. The Court affirmed and adopted such recommendations on October 12, 2021. [D.E. 126]. On August 20, 2021, Defendants moved for summary judgment. [D.E. 101]. On December 20, 2021, the Undersigned issued a Report and Recommendations recommending the entry of summary judgment on the invasion of privacy claim (Count VI) in Defendants's favor. [D.E. 154]. The Court affirmed and adopted that summary judgment recommendation on February 25, 2022. [D.E. 174]. Prior to the adoption

that Report and Recommendations, on January 18, 2022, the Court found good cause to grant Plaintiff leave to file a Second Amended Complaint ("SAC"). [D.E. 166]. Plaintiff filed her SAC on January 31, 2022. [D.E. 167]. The SAC re-alleged the breach of contract and invasion of privacy claims present in Plaintiff's FAC and added a new claim against MORADA under Florida's Deceptive and Unfair Trade Practices Act (Count III).

## II. APPLICABLE PRINCIPLES AND LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a criminal defendant. *See id.* (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

### III. ANALYSIS

Plaintiff's motion seeks to exclude: (1) any evidence controverting Plaintiff's statement of material facts in support of her second partial motion for summary judgment; (2) any argument that Plaintiff did not make complaints prior to filing suit; (3) expert opinions not previously disclosed; (4) witness testimony and any evidence not previously identified or produced in discovery; (5) evidence, testimony, or statements regarding Plaintiff's and her husband's wealth; (6) evidence of the terms of and any discussions about the unexecuted Non-Disclosure Agreement pursuant to Fed. R. Evid. 408; (7) evidence, testimony, or insinuations that Plaintiff and her husband, Marcus Hiles, are experts in interior decorating due to Mr. Hiles' role as a principal of a construction business; and (8) evidence or testimony regarding prior litigation involving Mr. Hiles or his business entities. Defendants do not oppose the relief sought by Plaintiff in items (3), (5), and (8), but object to the

remaining motions and claim that they cannot stand. We will discuss the parties' arguments in turn.

### A. *Evidence in Contravention of Plaintiff's Statement of Material Facts*

Plaintiff first argues that Defendants should not be allowed to introduce evidence that controvert the facts asserted in Plaintiff's second statement of material facts ([D.E. 99]) because Defendants did not file a response in opposition to those facts. Defendants respond by noting that Plaintiff's claim is disingenuous because Defendants disputed those facts via their response in opposition ([D.E. 105]); Defendants also highlight that Plaintiff has failed to cite any authority in support of this motion.

The Court agrees with Defendants. Indeed, the Court has already addressed Plaintiff's argument in its ruling on the parties' cross-motions for summary judgment. [D.E. 154, pp. 8-9]. As we pointed out in the report and recommendations, Defendants's cross-motion, which was filed after Plaintiff's statement of material facts, was accompanied by a statement of facts and several exhibits that opposed Plaintiff's narrative and gave rise to material issues of fact that precluded the entry of summary judgment. Accordingly, "we consider Morada's statement of material facts filed with its cross-motion as responsive to Plaintiff's statement of material facts," *id.*, and **DENY** Plaintiff's first motion in limine on that basis.

### B. *Argument that Plaintiff Did Not Complain Prior to Filing Suit*

Plaintiff's second motion seeks to exclude "[a]ny argument that Plaintiff did not make any complaints prior to filing suit" because this is incorrect, irrelevant and could confuse or mislead the jury. [D.E. 141, p. 3]. However, as Defendants rightly note, Plaintiff's request is overly broad and unspecific. It is not clear at all from Plaintiff's motion to what kind of complaint she is referring, and Plaintiff provides no explanation for why such evidence would confuse of misled the jury. *See Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020) ("[A] district court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."). Moreover, Defendants point out that evidence of pre-suit complaints could be relevant to Defendants's affirmative defenses, including their claims for failure to mitigate. Hence, Plaintiff's second motion in limine is **DENIED**. *See United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) ("In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds.").

### C. *Expert Opinions Not Previously Disclosed*

Next, Plaintiff moves this Court to prevent Defendants from offering any expert opinions. Plaintiff claims that because Defendants did not disclose any experts within the applicable deadlines, allowing Defendants to introduce expert opinions during trial would amount to unfair surprise to Plaintiff. Defendants do

7

not object to this motion. Accordingly, Plaintiff's third motion in limine is **GRANTED**.

### D. *Witnesses or Evidence Not Identified or Produced in Discovery*

In her fourth motion in limine, Plaintiff moves to exclude all evidence and witnesses not produced by Defendants during discovery. "In general, evidence that is not produced in discovery is excluded from trial (*see* Fed. R. Civ. P. 26(a)); however, the Court cannot preemptively exclude a broad category of evidence without knowing the evidence's substance." *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *4 (S.D. Fla. Dec. 2, 2021). As noted by Defendants, Plaintiff's generalized request would prevent "the introduction of documentary evidence that did not necessarily fall within the scope of Plaintiff's discovery requests or was later discovered and is relevant to the claims, defenses and counterclaims." [D.E. 146, p. 4]. We will not issue a blanket exclusion of this evidence without first being appraised of its nature or the purposes of its introduction. Instead, this Court can address any objections to such evidence or testimony at trial. Accordingly, Plaintiff's fourth motion is **DENIED**. *See United States v. Benitez*, No. 2:14-CR-124-FTM-38CM, 2015 WL 5760811, at *2 (M.D. Fla. Sept. 16, 2015) (denying motions in limine that were "merely generalized requests [to exclude evidence not disclosed in discovery] not related to specific evidence to be presented at trial.").

8

### E. *Evidence or Statements About Plaintiff's and Mr. Hiles's Wealth*

The Court agrees with Plaintiff that any evidence, testimony, or statements about Plaintiff's or her husband's wealth are irrelevant and should not be permitted at trial. Moreover, Defendants do not object to Plaintiff's motion. Therefore, the Court **GRANTS** Plaintiff's fifth motion in limine.

### F. *Evidence of the Terms of and any Discussions About the Unexecuted Non-Disclosure Agreement*

Prior to filing this lawsuit, Plaintiff and Defendants exchanged email communications about the execution of a non-disclosure agreement (NDA) and then exchanged a number of NDA drafts. Plaintiff now moves to exclude the introduction of the NDA drafts, its terms, all communications surrounding the NDA, and any references or discussions about the existence of the NDA—which the parties never executed. According to Plaintiff, all of these items are settlement discussions inadmissible under Fed. R. Evid. 408. Defendants disagree, claiming that the NDA was not drafted for the purposes of settling or compromising claims, and that its introduction is relevant to their claims of breach of good faith and fair dealing.

Upon examination of the relevant email communications and the NDA drafts, we conclude that these items constitute settlement discussions subject to exclusion under Fed. R. Evid. 408. First, it is abundantly clear that at the time of the writing of these emails and NDA drafts, an underlying dispute existed between the parties with respect to Morada's performance under the alleged agreement and the intrusion of privacy claim. It is also evident that these communications were aimed

9

at reaching a resolution of these issues; hence, they squarely fall under the settlement categorization. *See, e.g., Finnerty v. Stiefel Lab'ys, Inc.*, No. 09-21871-CV, 2011 WL 5842799, at *5 (S.D. Fla. Nov. 21, 2011) (noting that Rule 408 applies to discussions where an actual dispute exists even when the discussions take place at less formal stages of dispute resolution) (citation omitted).

Although Defendants categorize the NDA as an "ancillary agreement between the parties regarding the disclosure of Defendants' work-product under the project" and not as a settlement, [D.E. 146, p. 5], the contents of the NDA drafts and the emails belie Defendants's description. The emails clearly express Plaintiff's concerns and reveal that the agreement was offered as a potential means of reaching a resolution and moving the commercial relationship forward without resort to litigation, and the emails reflect that Defendants understood this. In fact, in one of the emails, Mr. Hiles indicated that execution of the NDA would conclude the dispute, and in another one, he expressly stated that if Defendants did not sign the NDA he would need to dispute all credit card charges. *See Emps. Ins. of Wausau v. Latex Const. Co.*, No. 1:01-CV-1909-BBM, 2003 WL 26087498, at *3 (N.D. Ga. Sept. 2, 2003) (holding that documents and discussions offered "in lieu of litigation" are intended to be pe part of negotiations toward compromise).

To be clear, the concerns addressed by the NDA and the email exchanges pertained to compliance with the alleged warranties, the quality of Morada's performance, and the delivery of outstanding items, as well as Morada's alleged unauthorized entry into Plaintiff's apartment. These are the same claims upon

which Plaintiff's lawsuit is based. Accordingly, Plaintiff's motion to exclude the NDA drafts, its terms, and all email communications related to the NDA is **GRANTED**.

As for Plaintiff's request to preclude any references or discussions about the existence of the NDA, Plaintiff fails to present this argument with any specificity. Plaintiff is correct that Rule 408 prohibits introduction of "[e]vidence of [settlement offers and discussions] to prove or disprove the validity or amount of a disputed claim," but appears to overlook the exception that allows such evidence "for another purpose." Fed. R. Evid. 408. Without any clarity on the type of reference Plaintiff seeks to preclude, it would be premature to conclude that all mentions of the NDA are per se barred under Rule 408 without any specifics on what the purpose of such mention would be. Rule 408 does not come into play unless there is a dispute as to the validity or amount of a claim. And if a communication meets that requirement, it may still be admitted for "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id*.

Therefore, Plaintiff's generalized motion to preclude all references or discussions of the NDA in this case is **DENIED** with leave to renew at trial. But, for that purpose, the Court will Order that no mention of any NDA or any discussion of an NDA shall be made by any party without permission from the Court in advance and in order for a predicate showing to be made under Rule 408

11

that the existence of any NDA is admissible for another purpose. To that extent, the motion is **GRANTED.**

### G. *Evidence, Testimony, or Insinuations that Plaintiff and her Husband are Experts in Interior Decorating*

Next, Plaintiff moves to exclude evidence, testimony, or insinuations that Plaintiff and her husband, Marcus Hiles, are experts in interior decorating due to Mr. Hiles's role as a principal of a construction business. Plaintiff bases her motion on the premise that such evidence would be irrelevant, untrue, and unduly prejudicial. [D.E. 141, p.5]. We disagree. First, Plaintiff herself has admitted that Mr. Hiles is indeed the principal of a construction business, and that he is "exceptional" at interior design and furniture-related tasks due to his work. *See* [D.E. 155-1 at 19:22-20:7 (Deposition of Plaintiff) ("Q. . . . How involved was Mr. Hiles in those discussions? A. Very. Again, he's in the construction business, so furniture purchasing, things like that, electrical items, those are things that he's exceptional at.")]; *see also Owens v. Int'l Paper Co.*, 528 F.2d 606, 611 n. 7 (5th Cir. 1976) (noting that the court does not weigh conflicting evidence and inferences or determines truthfulness).

Further, as Defendants rightly point out, not only is Plaintiff's request overly broad and unspecific—as she has failed to point to any specific statement by Defendants about Mr. Hiles's expertise—but this evidence could also be relevant for the purposes establishing the knowledge or intent of the parties during their course of dealing. This is particularly true here, where the parties are disputing the alleged terms of an oral contract that was negotiated mostly between Mr. Hiles and

12

Defendants. *See* [D.E. 155-1 at 12:24-13:8]. Accordingly, Plaintiff's seventh motion in limine is **DENIED**.

### H. *Evidence of Prior Litigation Involving Mr. Hiles or His Business Entities*

We agree with Plaintiff's final argument that any references to prior litigation involving Mr. Hiles or his constructions business would be irrelevant and prejudicial. Moreover, Defendants do not object to Plaintiff's motion. Therefore, the Court **GRANTS** Plaintiff's eighth motion in limine.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion in limine [D.E. 141] is **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion to exclude any evidence controverting her statement of material facts in support of her second partial motion for summary judgment **DENIED**.

B. Plaintiff's motion to exclude any argument that she did not make complaints prior to filing suit is **DENIED**.

C. Plaintiff's motion to exclude any expert opinions not previously disclosed is **GRANTED**.

D. Plaintiff's motion to exclude witness testimony and any evidence not previously identified or produced in discovery is **DENIED** but with leave to renew at trial to any specific item of evidence.

E. Plaintiff's motion to exclude any evidence, testimony, or statements regarding Plaintiff's and her husband's wealth is **GRANTED**.

F. Plaintiff's motion to exclude any evidence of the terms of and any discussions about the unexecuted Non-Disclosure Agreement is **GRANTED in part and DENIED in part**. No reference to any such Agreement shall be made without permission from the Court in advance.

G. Plaintiff's motion to exclude any evidence, testimony, or insinuations that Plaintiff and her husband, Marcus Hiles, are experts in interior decorating is **DENIED**.

H. Plaintiff's motion to exclude any evidence or testimony regarding prior litigation involving Mr. Hiles or his business entities is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge