**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-24676-Civ-GAYLES/TORRES

N.A.S.,

      Plaintiff,

v.

MORADA-HAUTE FURNITURE
BOUTIQUE LLC, FERNAN HERNANDEZ,
and HOLGER ODENSTEIN,

      Defendants.
_____/

**<u>ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION</u>**

This matter is before the Court on Plaintiff's motion for clarification. [D.E. 182]. No response was filed in opposition and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, and for the reasons discussed below, Plaintiffs' motion is **GRANTED**.

### *I.  ANALYSIS*

On March 16, 2022, the Undersigned entered an Order [D.E. 178] granting Defendants' motion to join Mr. Marcus Hiles to this action as a necessary party pursuant to Fed. R. Civ. P. 19. [D.E. 143]. The Order compelled the joinder of Mr. Hiles, Plaintiff's husband, because: (i) Mr. Hiles is a central party to the alleged oral contract that is at the crux of this case (he was the obligee in charge of negotiating the terms and conditions of the contract), and (ii) Mr. Hiles is currently involved in a concurring state court action where he has asserted claims that are virtually identical

1

to those pleaded by Plaintiff in the present case, and that are predicated upon the same set of alleged facts against Defendants. *See* [D.E. 143-1; 143-2].

Plaintiff does not object to the Order's ruling compelling joinder of Mr. Hiles. [D.E. 182]. Instead, Plaintiff seeks clarification on two points. First, Plaintiff wants to know if the Order bars "[Mr.] Hiles from asserting claims or defenses in this case" that he has asserted in the state court action. And second, Plaintiff wants clarity as to the process by which Mr. Hiles is to be added as a Plaintiff to this action and the timelines associated with such motions. We clarify both of these points in turn.

First, as it is evident from its dispositive section, the subject Order ruled only on the non-dispositive question of whether Mr. Hiles was a necessary party under Fed. R. Civ. P. 19. *See* [D.E. 178, p. 11]. Accordingly, Mr. Hiles will be able to assert any claims or defenses in this action that have not already been disposed of in the state court action. The Court's discussion regarding the factual and evidentiary overlap between Plaintiff's claims here and Mr. Hiles claims in state court can be considered as notice to Mr. Hiles that this Court has already ruled on some basic issues that may be relevant to the claims he intends to assert in this action. But no final ruling was intended.

Second, because Mr. Hiles intends to assert claims against Defendants, a Third Amended Complaint must be filed including Mr. Hiles as a Plaintiff. As such, Plaintiff is ORDERED to join Marcus Hiles as a party to this action. Plaintiff shall file a Third Amended Complaint by no later than April 28, 2022. Moreover, pursuant to Fed. R. Civ. P. 15(a)(3), Defendants will have 14 days to file any required response

to Plaintiff's amended pleading. Any other motion practice will be subject to the timelines prescribed by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

## II.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion for clarification is **GRANTED**. The Court clarifies that:

1.  The Court's prior Order [D.E. 178] did not rule on any issue relating to claim preclusion. Accordingly, Mr. Hiles may assert any claims in this case that were not already disposed of in the state court action.

2.  Plaintiff is ordered to file a Third Amended Complaint naming Mr. Hiles as a Plaintiff. Plaintiff shall file its Amended Complaint **by no later than April 28, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of April, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge